Filed 6/16/14  P. v. Kuahuia CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN KUAHUIA,<br><br>    Defendant and Appellant. | B250636<br><br>(Los Angeles County<br>Super. Ct. No. NA094379) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Affirmed as modified.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \*

Defendant Benjamin Kuahuia pled no contest to possession of burglary tools (Pen. Code, § 466), and was convicted by jury of possessing a controlled substance for sale (Health & Saf. Code, § 11378). Defendant also admitted three prior prison terms. (Pen. Code, § 667.5, subd. (b).) He was sentenced to a total term of five years in county jail, under Penal Code section 1170, subdivision (h), consisting of the high term of three years for the violation of Health and Safety Code section 11378, and two years for two of the prison priors. Defendant filed a timely notice of appeal.

We appointed appellate counsel to represent defendant. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. Appointed counsel requested that this court conduct an independent review of the trial court's in camera *Pitchess*[1] hearing under *People v. Mooc* (2001) 26 Cal.4th 1216, 1226 (*Mooc*). No supplemental brief was filed by defendant.

Defendant made a pretrial *Pitchess* motion for discovery of the contents of the personnel file of Long Beach Police Officer Jason Lehman. Counsel's declaration in support of the motion averred that "Officer Lehman states that defendant admitted to possessing the alleged drugs for the purpose of selling them. The defendant did not make the admissions attributed to him . . . . The report . . . is false." The trial court granted the motion "as to truth and veracity only," conducted an in camera hearing, and ordered several citizen complaints released.

The following evidence was adduced at trial: On the afternoon of January 2, 2013, Officer Jason Lehman was conducting an investigation, and lawfully detained defendant. As Officer Lehman approached defendant, defendant told him, "I have to tell you I have some tweak on me." "Tweak" is another name for methamphetamine. Officer Lehman handcuffed and searched defendant. He found a bag and two small bindles of methamphetamine in defendant's jacket pocket. In the same pocket, Officer Lehman also found a zip-lock bag that contained more than 50 small bags. Officer Lehman advised

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

defendant of his *Miranda*[2] rights, and defendant agreed to speak with him. Defendant admitted he was selling methamphetamine. Defendant did not possess any drug paraphernalia, and none was found in a search of the home at which he was staying.

Long Beach Police Officer John Magallanes corroborated Officer Lehman's testimony that defendant admitted to possessing drugs, and that drugs were recovered when defendant was searched.

Criminalist Jessica Jordan testified that she analyzed the substance recovered from defendant, and that it was 3.37 grams of methamphetamine.

Detective Aldo Decarvalho testified as an expert, and opined that the drugs were possessed for sale. The amount possessed by defendant was the equivalent of 165 doses of methamphetamine.

The trial court denied defendant's Penal Code section 1118.1 motion to dismiss.

## DISCUSSION

During our independent review of the record, we discovered an irregularity in the trial court's abstract of judgment. The August 7, 2013 abstract of judgment reflects that defendant's conviction under Health and Safety Code section 11378 was by plea, instead of by jury. The abstract of judgment should be corrected to properly reflect defendant's conviction by jury.

We have conducted an independent examination of the in camera *Pitchess* proceedings under *Mooc*, *supra*, 26 Cal.4th at page 1226.[3] Based upon our review of the

---

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436.

[3]     Defendant has requested that this court augment the appellate record to include copies of the materials reviewed by the trial court during the course of its in camera review. The law does not require this. The trial court can make a record for appellate review by either describing the documents it reviews or ordering them photocopied. (*Mooc*, *supra*, 26 Cal.4th at pp. 1229-1230.) The trial court here described the documents it reviewed, and made an adequate record.

3

record, we conclude the trial court's orders concerning the disclosure of *Pitchess* materials were correct.

In all other respects, we have examined the entire record, consisting of one volume of clerk's transcript, and four volumes of reporter's transcripts,[4] and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed, as modified. The superior court is directed to correct the abstract of judgment to reflect that defendant's conviction was by jury. The superior court is ordered to prepare and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

GRIMES, J.

We concur:

RUBIN, Acting P. J.

FLIER, J.

---

[4] The appellate record originally consisted of three volumes of reporter's transcripts, including the sealed transcript of the in camera *Pitchess* proceedings. We granted defendant's motion to augment the record to include jury voir dire.